UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

SCOTT KERNER,

Chapter 11
Case No. 17-13514 (MG)

Debtor.
------------------------------------------------------------X

## OBJECTION OF PURCHASER TO DEBTOR'S MOTIONS TO APPROVE THE SALE OF THE CONDOMINIUM UNIT, AND TO ESTABLISH BIDDING PROCEDURES FOR THE PROPOSED AUCTION OF THE CONDOMINIUM UNIT

Payam Khaghan and Jennifer Robinson-Khaghan (together hereinafter the "Objectants"), by their undersigned attorneys Kucker & Bruh LLP, for their objection to the Debtor's motions to approve the sale of the Debtor's condominium unit subject to higher and better offers (the "Sale Motion") and to establish bidding procedures for the proposed auction of said condominium unit (the "Auction Procedures Motion") (together, the "Debtor's Motions"), state and aver as follows:

### The Debtor's Non-Curable Default and Anticipatory Breach Renders the Contract Non-Executory, Thus Non-Assumable

1. The Debtor as seller and the Objectants as purchasers entered into a contract of sale of the condominium unit known as Apartment 7J at 515 East 72nd Street, New York, N.Y. 10021 (the "Condominium Unit") for a purchase price of $1,918,000.00 dated as of September 30, 2017 (the "Contract"). At signing, Objectants delivered a 10% down payment in the amount of $191,800.00 to be held in escrow by the Debtor's attorney until the closing, which was originally provided to be held on October 30, 2017. Nonetheless, Debtor did not close on the scheduled date, and in fact refused to set a firm closing date for more than 30 days thereafter. A copy of the contract is annexed hereto as Exhibit A.

2. Under such circumstances, a party to a contract for the sale of real property can set a firm closing date, and impose a time is of the essence condition, by giving the counter-party a "'clear, unequivocal notice' and a reasonable time to perform". *ADC Orange, Inc. v. Coyote Acres, Inc.*, 7 N.Y. 3d 484, 490, 824 N.Y.S. 2d 192 (2006). *See also Whitney v. Perry*, 208 A.D. 2d 1025, 1026, 617 N.Y.S. 2d 395 (3d Dept. 1994) (holding that "where time is not stated to be of the essence in the agreement, a party may give notice making time of the essence provided the notice is clear, distinct and unequivocal, fixes a reasonable time within which to perform and 'inform(s) the other party that if he does not perform by that date, he will be considered in default'"); *17 West 127th Street Partners LLC v. Baruch Realty, LLC*, 2016 N.Y. Misc. Lexis 3040 at *8-*9 (Sup. Ct. N.Y. Co. 2016) (holding that a time is of the essence condition may be imposed if "'one of the parties has unequivocally declared it upon proper notice'"). Accordingly, on December 1, 2017 (a week before the Debtor commenced the instant chapter 11 case), the Objectants' counsel sent a time of essence letter scheduling the law date for the closing to be December 22, 2017, and stating that "failure to appear ready, willing and able to close on Friday, December 22, 2017 at 2:00 p.m. **TIME BEING OF THE ESSENCE** . . . will be deemed a material default under said Contract of Sale and Purchaser will avail themselves of all legal remedies available" (emphasis in original) (the "TOE Letter"). A copy of the TOE letter is annexed hereto as Exhibit B.

3. Failure to close on the designated law date where a time is of the essence condition has been imposed is a material default of a contract to sell real property, excusing performance by the non-breaching party. As held by the New York Court of Appeals in *Grace v. Nappa*, 46 N.Y. 2d 560, 565-566, 415 N.Y.S.2d 560 (1979), "[w]hen there is a declaration that time is of the essence . . . each party must tender performance on the law day unless the time for performance is extended by mutual agreement . . . Once the closing was aborted, moreover, it was not necessary for plaintiff

2

to entertain further proposals from defendant, for if defendant had failed to satisfy a material element of the contract, he was already in default" (citations omitted). *See also New Colony Homes, Inc. v. Long Is. Prop. Group, LLC*, 21 A.D.3d 1072, 803 N.Y.S. 2d 615 (2[nd] Dept. 2005) (holding that "where time is of the essence, performance on the specified date is a material element of the contract, and failure to perform on that date constitutes, therefore, a material breach of the contract") (citations omitted); *KYM Group v. E. Park Holding Co., LLC*, 2006 N.Y. Misc. Lexis 3863 at *7 (holding that "[f]ailure to perform on the date specified, when time is of the essence, constitutes a material breach of the contract") (citations omitted).

4. Nonetheless, the Debtor did not close on the designated law date, nor did it take any steps to seek approval to do so from this Court. Instead, the Debtor filed the Debtor's Motions, which did not seek to close on the Contract but rather proposed an alternate agreement to make closing on the Contract subject to higher or better offers at auction, thus attempting to convert the Contract from a binding contract of sale to a "stalking horse" bid. This constituted a material alteration of the terms of the Contract in derogation of its terms, and of the time of essence requirement – an alteration to which, despite the false assertions contained in the Debtor's Motions, *the Purchasers have never agreed or consented.*

5. Moreover, having an auction for the purpose of eliciting higher or better offers serves no proper bankruptcy purpose in this case, since as the Debtor asserts in the Debtor's Motions, "[t]he Debtor believes that the proceeds of the sale of the Condominium Unit under the Contract will be sufficient to satisfy substantially all of his pre- and post-Petition Date obligations under a chapter 11 plan". Thus, any increase in the sale price that might be realized at auction would be for the sole benefit of the debtor in possession, not the bankruptcy estate or its creditors. As bankruptcy courts will not exercise their jurisdiction to recover a claim for the sole benefit of a

debtor, without benefit inuring to the estate or its creditors, *see, e.g., Turner v. Ermiger*, 724 F.2d 338, 341 (2d Cir. 1983); *Calka v. Chuu*, 2003 U.S. Dist. Lexis 4090 at *4 (S.D.N.Y. 2003), there is no justification for the exercise of such jurisdiction to materially alter or abrogate the contractual rights of a party that in good faith entered into an arms-length agreement with a debtor prior to the filing of bankruptcy, without any resulting benefit to the bankruptcy estate or its creditors.

6. Accordingly, the Debtor's filing of the Debtor's Motions seeking to alter the terms of the Contract, instead of promptly seeking relief from this Court to enable him to perform the Contract in compliance with its time of the essence requirement, constitutes an unjustified repudiation and thus anticipatory breach of the Contract in its entirety. *See, e.g., Princes Point LLC v. Muss Dev. LLC*, 138 A.D.3d 112, 116, 24 N.Y.S. 3d 292 (1st Dept. 2016) (holding in relevant part that "[a]n anticipatory breach, or repudiation, occurs when a party to a contract unequivocally communicates to its counterpart before performance is due, by a statement or voluntary affirmative act, that it will avoid performance of its contractual duties") (citation omitted). Such anticipatory breach of the Contract, together with the Debtor's now non-curable breach of the time is of the essence requirement, warrant the Contract to be deemed terminated and thus non-executory. The existence of such default and breach of the Contract was set forth in a letter from Objectants' counsel dated January 25, 2018 (the "Default Letter"). A copy of the Default Letter is annexed hereto as Exhibit C.

7. It is axiomatic that "[t]o be subject to assumption or rejection, the statute, 11 U.S.C. §365, expressly requires that the contract be executory. Ignoring executoriness rewrites the statute in a fundamental way". *In re Riodizio, Inc.*, 204 B.R. 417, 422 (Bankr. S.D.N.Y. 1997) (citation omitted). By definition, a contract that has terminated or has incurred an incurable default in performance is not executory and thus may not be assumed. *See, e.g., In re Best Film & Video*

4

*Corp.*, 46 B.R. 861, 869 (Bankr. E.D.N.Y. 1985) (holding that "[a]n executory contract can only be assumed if it has not already been terminated").

8. As the filing of bankruptcy does not alter the substantive rights and obligations of parties to a contract, *see, e.g., Thompson v. Texas M.R. Co.*, 328 U.S. 134, 142 (1946) (stating that "the right to terminate a contract pursuant to its terms survives the bankruptcy of the other contracting party"); *In re Best Film & Video Corp., supra* (holding that "[f]iling a Chapter 11 petition will not resuscitate a contract that has already been terminated . . . 'The right to terminate a contract pursuant to its terms survives the bankruptcy of the other contracting party'") (citations omitted), a contract that was executory when the bankruptcy petition was filed could nonetheless terminate post-petition in accordance with its terms, or be terminated by the occurrence of a non-curable default. Such post-petition termination would render the contract non-executory, hence non-assumable. *See, e.g., In re Penn Traffic Co.*, 322 B.R. 63, 73 (Bankr. S.D.N.Y. 2005) (holding that "the mere filing of a bankruptcy case has no effect on contracts, and thus the date of filing has no contractual significance. That principal cannot logically co-exist with a judge-made rule that would fix the date of a bankruptcy filing as a cutoff date for determining the contract status (executory or not), thereby affecting important contract rights under Section 365 (a) in a manner that ignores the facts and is contrary to contract law"); *In re Riodizio, Inc., supra* at 421 (stating that "[s]ometimes, however, postpetition events alter the executoriness of a contract, as when a contract expires post-petition. In those circumstances, a court will look to the date the motion to assume or reject is made or heard rather than the petition date") (citations omitted).

9. Thus in *In re Empire Equities Capital Corp.*, 405 B.R. 687 (Bankr. S.D.N.Y. 2009), a case in which the debtor had entered into an option contract having an extended option exercise deadline subject to a time is of the essence requirement, and then filed for bankruptcy right before

the scheduled closing date, the court ruled that the debtor's breach of the time is of the essence requirement rendered the contract non-assumable, stating:

> There is substantial authority holding that §365 is unavailable to a debtor in a case, such as the present one, *where the passage of a time of-the-essence deadline, which is a material default under applicable New York law, in effect terminates the contract* . . . A default precludes assumption of an executory contract under §365 if it is both incurable and "material in the sense that it goes to the very essence of the contract, i.e., the bargained for exchange." Courts examine the provisions of the underlying contract and non-bankruptcy law to determine the nature of a default and the cure it requires, for purposes of §365. The Debtor's default was in failing to take action within the time provided for in the contract. Under New York law, "*the failure to close by the specified closing date in a sales contract that declared time to be of the essence is a material breach which terminates defaulting party's right to enforce the contract,*" since the time-of-the essence provision is an essential bargained for term of the contract. Under the uncontested facts of this matter, the Debtor's failure to close on time is incurable and the contract cannot be assumed under §365.

*Id* at 687-691 (emphasis supplied) (citations omitted).[1] *See also In re New Breed Realty Enters.*, 278 B.R. 314, 322-323 (Bankr. E.D.N.Y. 2002) (granting counter-party's motion for relief from stay to terminate a sales contract and exercise remedies to pursue damages in respect of debtor's breach thereof by failing to timely close in violation of a time is of the essence provision , the court stated that "[c]ases interpreting New York law are unanimous in holding that the failure to close by the specified closing date in a sales contract that declared time to be of the essence is a material breach which terminates defaulting party's right to enforce the contract") (citations omitted).

10. There is thus no basis for granting the relief sought by the Debtor's Motions herein, while the Objectants are greatly prejudiced by having their $191,800.00 down payment continue to be held, in a non-interest bearing account, by the Debtor's counsel. Accordingly, for all of the reasons set forth herein above, this Court should deny the relief sought by the Debtor's Motions in

---

[1] The court extended the time for the debtor to exercise the option pursuant to Bankruptcy Code §108(b) upon grounds pertaining to the exercise of an option which is not regarded as curing a default, but as extending the time "to perform any other similar act", and which thus does not pertain to the sale contract at bar in which only the curability of the contractual default is at issue. *Id* at 692-693.

their entirety, and issue an order and judgment declaring the Contract to be terminated and directing the immediate return in full of the down payment to the Objectants.

### If the Court Determines the Contract to Be Executory It Should Be Assumed or Rejected in Accordance With Its Terms, and Not Subject to Higher Bids at Auction

11. For all of the reasons set forth above, the Contract should be declared terminated, hence non-executory and non-assumable. If notwithstanding this, however, the Court should determine that the Contract is in fact executory, it should make its determination of whether to assume or reject the Contract in accordance with its actual terms, not subject to higher or better offers. If the Court determines that the Contract should be rejected, it should order that the down payment be returned to the Objectants immediately, such obligation to be secured by a lien upon the Condominium Unit pursuant to the Contract, as well as pursuant to Bankruptcy Code §365(j). If on the other hand the Court determines that the Contract should be assumed, it should order the closing to be held as expeditiously as possible, and the Condominium Unit to be conveyed free and clear of all liens and claims, which should be provided to attach to the sale proceeds thereof.

### Conclusion

12. For all of the foregoing reasons, this Court should deny the relief sought by the Debtor's Motions in their entirety, and issue an order and judgment declaring the Contract to be terminated and directing the immediate return in full of the down payment to the Objectants. If, however, the Court should determine that the Contract is in fact executory, it should make its determination of whether to assume or reject the Contract in accordance with its actual terms, not subject to higher or better offers. It is also respectfully requested that the Court grant the Objectants

such other and further relief as the Court may deem appropriate.

Dated: New York, New York
    January 29, 2018

                                      KUCKER & BRUH LLP
                                      Attorneys for Objectants

By: _____
      Abner T. Zelman, Esq.
747 Third Avenue
New York, New York 10017
(212) 869-5030