Angela Tese-Milner, Esq.
The Law Firm of Tese & Milner
735 Wickham Avenue
P.O. Box 35
Mattituck, New York 11952
(212) 475-3673

*Attorneys for the Chapter 7 Trustee,*
*Angela Tese-Milner*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>_____X<br>In re:<br><br>    Scott Kerner,<br><br>                    Debtor.<br>_____X | Hearing Date: April 29, 2019<br><br><br><br>Case No. 17-13514 (MG)<br>Chapter 7 Case |

**MOTION TO AUTHORIZE STIPULATION OF SETTLEMENT RESOLVING CLAIM NO. 3**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Angela Tese-Milner (hereinafter "**Trustee**"), the Chapter 7 Trustee for the estate of Scott Kerner (hereinafter "**Debtor**"), submits this motion pursuant to Federal Rule of Bankruptcy Procedure 9019 (hereinafter "**Motion**"), for authorization to enter into the annexed Stipulation of Settlement (hereinafter "Settlement") reducing Claim No. 3 filed by Urban Compass, Inc. (hereinafter "**Claimant**" or "**Compass**") to the amount of $40,000.00, and allowing Claim No. 3 as a general unsecured claim. The Debtor has filed an objection seeking to expunge Claim No. 3, and not agreed to the Settlement.

### A. <u>Background</u>

1. The facts are more fully set forth in the annexed Settlement which is

1

referred to and incorporated by reference herein.  Compass was retained pre-petition by the Debtor as his real estate broker to sell the Debtor's Condominium pursuant to an exclusive brokerage agreement, which is annexed to Claim No. 3.  Compass produced purchasers (hereinafter "**Purchasers**") who entered into a written contract (hereinafter "**Contract**") with Kerner for the purchase of his Condominium.  Had the Contract closed, Compass would have received its Commission.

2.   The record of the Chapter 11 Case evidences the events that precipitated the filing of Claim No. 3. The Debtor filed his Bankruptcy Petition after apparently receiving a notice from the Purchasers setting a "Time is of the Essence" closing date.  See, *Objection of Purchaser to Debtor's Motions For Sale of The Condominium Unit*, ECF No. 41.  The Purchasers objected to the Debtor's Motions to sell the Condominium and alleged that the Debtor sought:

> " to alter the terms of the Contract, instead of promptly seeking relief from this Court to enable him to perform the Contract in compliance with its time of the essence requirement, constitutes an unjustified repudiation and thus anticipatory breach of the Contract in its entirety. *See, e.g., Princes Point LLC v. Muss Dev. LLC,* 138 A.D.3d 112, 116, 24 N.Y.S. 3d 292 (1st Dept. 2016) (holding in relevant part that "[ a]n anticipatory breach, or repudiation, occurs when a party to a contract unequivocally communicates to its counterpart before performance is due, by a statement or voluntary affirmative act, that it will avoid performance of its contractual duties").

*Id. ECF No. 41.*

By Order signed and dated February 6, 2018, the Debtor's Sale Motion was deemed withdrawn, and the Khagan Contract terminated for the reasons set forth on the record (ECF No. 43; Exhibit "C" to Compass' Opposition to the Debtor's Motion to Expunge Compass' Claim; ECF No. 157). Thereafter, the Debtor sought to dismiss the

Chapter 11 Case. This Court granted the motion of creditor, Compass, and converted the Chapter 11 case to a Chapter 7 Case. Angela Tese-Milner was appointed the Chapter 7 Trustee, and after a Section 341 meeting held May 29, 2018, Ms. Tese-Milner became permanent Trustee.

3. Compass has responded to the Debtor's Objection citing New York State Case Law precedent to support its Claim. See, ECF. No. 157.

4. There are two general unsecured claims against the estate, totaling approximately $97,000.00[1]. The Debtor has objected to Claim 3. The Trustee has negotiated a compromise of Claim 3, which would result in the reduction of Claim No. 3 to $40,000.00[2], if approved by the Bankruptcy Court, thus reducing unsecured claims against the estate if allowed to $65,000.00.[3] In addition, DIP Counsel has filed a Chapter 11 administrative proof of claim for the amount of $27,000.00 plus expenses.

5. The Trustee is attempting to complete her final administration of the Chapter 7 Case and has filed a motion for an order compelling the Debtor to turn over the Remaining Estate Assets pursuant to Federal Rule of Bankruptcy Procedure 1019 (hereinafter "**Motion For Turn-over of Remaining Assets**"). Following the resolution of said Motion, and the Claim Objection , the Trustee can proceed to close the Chapter 7 Case without further litigation.

## B. Relief Requested

6. By this Motion, the Trustee seeks an order, pursuant to Rule 9019 of the

---

[1] The Condominium Board filed an amended claim in March, 2019 for $25,000.00.
[2] The Debtor has indicated that it will not join in the stipulation to reduce and allow Claim No. 3. The Stipulation will be submitted to the Bankruptcy Court for authorization and apparently the Debtor would object to the settlement.
[3] The Debtor has objected to and seeks to expunge Claim No. 3.

3

Federal Rules of Bankruptcy Procedure, authorizing the terms of the Stipulation of Settlement allowing Claim No. 3 as a general unsecured claim in the reduced amount of $40,000.00 .

## THE SETTLEMENT SHOULD BE APPROVED

7. In evaluating whether to approve a compromise or settlement, courts have focused on the following factors: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable view of the settlement being considered. *See Drexel v. Loomis,* 35 F.2d 800, 806 (8th Cir. 1929); *see also In re Crowther McCall Pattern, Inc.*, 120 B.R. 279 (Bankr. S.D.N.Y. 1985); *In re Masters, Inc.,* 149 B.R. 289 (Bankr. E.D.N.Y. 1992). The Court is not "to decide the numerous questions of law and fact raised by the settlement but rather to canvas the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *Ana-Conda-Ericsson, Inc. v. Hessen, (In re Teletronics Services, Inc.*), 762 F.2d 185, 189 (2d Cir. 1985) (quoting *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983).

8. Pursuant to Federal Rule of Bankruptcy Procedure 3007, the filing of an objection to claim initiates a contested matter,   In the instant matter, NYS case law precedent applies.  Case law precedent would be applied to the underling facts giving rise to Claim No. 3, as well as the provisions of the Brokerage Contract.  Department of State, Office of the General Counsel states in *Legal Memorandum LI10:  DEFINING WHEN A REAL ESTATE BROKER'S COMMISSION IS DUE,* on the DOS website:

4

>There are numerous cases in which the broker has successfully sued the seller for a commission even though no closing of property takes place or where the closing of property is irrelevant to the analysis of the transaction. See, <u>Realty Investors of USA Inc. v. Bhaidaswala</u>, 254 AD2d 603, 679 NYS2d 179 (3rd Dept. 1998) (Court concluded that broker earned commission upon procuring a purchaser who had reached agreement with seller on essential terms and was ready, willing and able to perform. It was not based upon an actual sale or transfer of title to the property.

If the Claimant prevails on Claim No. 3, the Claim against the estate would exceed $57,000.00. The Trustee in the exercise of her business judgement believes that the estate is best served by the Settlement and reduction of Claim No. 3.   Settlement of Claim No. 3 avoids the costs, uncertainty, and time expenditure of continued litigation, which involves two contracts, and a complex fact pattern.  The Settlement of Claim No. 3 involves a substantial reduction and would enable the Trustee to complete her administration of the Chapter 7 case, subject to the determination of her Motion for the Turn-over of the Remaining Assets by the Debtor.

9.   Accordingly, in the exercise of her business judgment, the Trustee believes that the terms of the settlement of the Claim No. 3, and the Claim Reduction Amount, are reasonable.

<u>Notice</u>

10. Notice of the Motion has been given by mailing a copy of the Motion, notice of hearing (hereinafter "Notice"), and proposed order, to Andrea B. Schwartz, Esq., Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014 and to the Debtor, Attn: Douglas J. Pick, Esq., Pick & Zabicki, LLP 369 Lexington Avenue, 12th Floor New York, NY 10017, and by mailing a copy of the Notice of Hearing to all of the Debtor's creditors.

**C.  <u>No Prior Relief</u>**

11. The requested relief has not previously been requested from this or any other Court.

### D. Conclusion

WHEREFORE, the Trustee respectfully requests that the Court So-Order the Stipulation of Settlement and grant such other and further relief as the Court determines to be just and proper.

Dated: Mattituck, New York
March 31, 2019

THE LAW FIRM OF TESE & MILNER
*Counsel for the Chapter 7 Trustee*

By: /s/ Angela Tese-Milner
Angela Tese-Milner
The Law Firm of Tese & Milner
735 Wickham Avenue
P.O. Box 35
Mattituck, New York 11952
(212) 475-3673